IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    **Plaintiff,**

vs.

ALLEN J. TEAGUE,

    Defendant.                               No. 12-CR-30271-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### INTRODUCTION

On December 22, 2015, defendant filed a *pro se* motion seeking a reduction in his sentence based on Amendment 782 and the retroactive drug quantity guidelines (Doc. 70). Pursuant to this Court's protocol, the matter was referred to the federal public defender (Doc. 71). Thereafter, the federal public defender entered an appearance on behalf of the defendant and filed an amended motion to reduce sentence on the defendant's behalf (Doc. 76 and 77). The government opposes the motion to reduce (Doc. 79). Based on the record and the following, the Court **DENIES** the motion to reduce sentence.

### BACKGROUND

On September 19, 2013, Teague was charged by Indictment with two counts of Distribution of Cocaine Base. On February 7, 2013, absent a plea agreement, the defendant pleaded guilty (Doc. 39 ¶ 5). The United States Probation Office (USPO) determined that the defendant's Guidelines Offense Level

was 34, and combined with a Criminal History Category of VI, the Guidelines sentencing range was 262-327 month's imprisonment (Doc. 39 ¶ 86). This calculation was based upon the defendant's classification as a Career Offender under U.S.S.G. § 4B1.1 (Doc. 39 ¶¶ 30, 43). Had the defendant not been classified as a Career Offender, his Guidelines Offense Level would have been 20 and his Criminal History Category would have been V, for a Guidelines sentencing range of 63-78 months' imprisonment (Doc. 65).

A sentencing hearing was held on September 6, 2013 (Doc. 65). The Court adopted the findings of the probation officer in the presentence report following arguments of counsel relative to objections filed by the defendant. *Id*. Following the hearing, the Court issued a Sentencing Memorandum. The Court concluded the Career Offender guideline range was applicable to the defendant, remarking as follows:

> At the sentencing hearing, there was vigorous argument regarding the guideline calculation in this case. Ultimately the Court found that the correct calculation and application of the guideline manual included an enhancement for obstruction of justice, as heretofore mentioned, no reduction for acceptance of responsibility in correspondence with that same conduct, and the simple application of the career offender treatment based on past qualifying convictions.

(Doc. 65 p. 9).[1]

Despite the applicability of the Career Offender guideline, the Court concluded the factors set forth in 18 U.S.C. § 3553(a) warranted imposition of a lower sentence. Considering these factors, the Court explained it could not "accept

---

[1] *See also* Doc. 65 p. 2 ("As for the career offender treatment, it is apparent that the defendant is technically and clearly qualified for the adjustment under Chapter Four of the Guidelines. The predicate offenses were present and he qualified for the application as a guideline enhancement.")

the advice of the Sentencing Commission" because the defendant "is not the kind of defendant for which [the career offender] label is intended to be applied or if he is, the Court reject[ed] that application outright." (Doc. 65 p. 16).  Using the Guidelines sentencing range which would have applied but for the Career Offender classification as a reference point, the Court concluded a sentence of 78 months' imprisonment was appropriate and further explained as follows:

> The Court finds this sentence will properly account for the seriousness of the instant offense, promote respect for the law in someone who has spent little too little time in each of his prior prison incarcerations, will provide just punishment for his crime while sending an appropriate message of deterrence to the defendant and others, and protect the public.
>
> What it does not do is presume that just because Mr. Teague barely fits the technical requirements of a career offender label, and even though he only works day in day out as a petty criminal, that the guideline sentence of decades in jail is reasonable for a low level dealer like him. What it does not do is impose a sentence greater than necessary in direct contradiction to the statutory directive to this Court.

(Doc. 65 pp. 17-18).

Thereafter, on December 3, 2013, the defendant was sentenced to 78 months' imprisonment.

## ANALYSIS

The defendant seeks an adjustment to his sentence based on Amendment 782 to the Sentencing Guidelines. Amendment 782 is retroactive and lowers the recommended penalties for most drug crimes by reducing the base offense levels in the § 2D1.1 Drug Quantity Table by two levels. If calculating the

Guidelines sentencing range today, *without reference to the Career Offender guideline*, the defendant's Offense Level would be 18, his Criminal History Category would be V, and the sentencing range would be 51-63. The defendant seeks a sentence of 63 months, which he maintains is consistent with the Court's rejection of the application of the Career Offender guideline and consistent with the Court's imposition of the high end of the Guidelines sentencing range in 2013.

The government and the probation office are opposed. They contend the defendant's sentence cannot be reduced because his offense level was determined under U.S.S.G. § 4B1.1 (Career Offender) and was imposed for reasons unrelated to substantial assistance. The Court agrees with the government and the probation office.

The Court is only permitted to modify the defendant's sentence if: (1) the guideline range applicable to the defendant has subsequently been lowered by the Sentencing Commission; and (2) a reduction would be consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10.

In the instant case, the guideline range *applicable to the defendant,* was the Career Offender guideline. Ultimately, considering the factors set forth in 18 U.S.C. § 3553(a), the Court elected to exercise discretion by imposing a sentence lower than the applicable guideline range. The Court's decision to exercise such discretion does not reflect a determination that the Career Offender guideline was not applicable to the defendant in the first instance.

Having determined that the Career Offender guideline is the guideline that was applicable to the defendant, the next question is whether the defendant's guideline range has been lowered by Amendment 782. In making this assessment, the Court must determine the guideline range that would have applied to the defendant if Amendment 782 had been in effect at the time of the original sentence. *See Dillon v. United States*, 560 U.S. 817, 827 (2010). Here, the defendant's sentencing guideline range would not have been different if Amendment 782 had been in effect at the time of sentencing. As noted above, the range was established by the defendant's status as a career offender under U.S.S.G. § 4B1.1, not by the drug-quantity tables in U.S.S.G. § 2D1.1, which were lowered by Amendment 782. Accordingly, the guideline range applicable to the defendant has not been lowered as a result of an amendment to the Guidelines Manual and there is otherwise no authority for the Court to reduce the defendant's term of imprisonment.

Further, even if the Court was authorized to reduce the defendant's sentence it would not do so.  The court determined at time of sentencing that the defendant was not the type of person for whom the career offender classification was intended. Although the defendant's criminal history points and types of crimes qualified him as a Career Offender, the Court noted several extenuating circumstances that warranted departing from the recommended sentence. For example, the defendant's prior conviction for armed robbery occurred when the defendant was 17 and was primarily the work of the defendant's uncle.

Additionally, the defendant had two unlawful delivery convictions. However, what most concerns the court, for the purpose of this motion, beyond the two prior delivery convictions, is the witness tampering enhancement the court imposed at the time of sentencing in this case.  The court finds the previous leniency shown the defendant is more than sufficient.

## CONCLUSION

For the reasons stated herein, the motion to reduce sentence is **DENIED.**

**IT IS SO ORDERED.**

Signed this 11th day of September, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.09.11 19:58:25 -05'00'

**United States District Judge**